---

### In re FENN.

(Supreme Court, Appellate Division, Third Department.   June 27, 1912.)

1. HIGHWAYS (§ 72*)—ALTERATION—PROCEDURE.
    Where, under former proceedings, a highway was ordered laid out so as to pass through two houses, a proceeding to correct the error was not improperly named "a proceeding to alter an existing highway."
    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 239–252; Dec. Dig. § 72.*]

2. HIGHWAYS (§ 46*)—ESTABLISHMENT—LOCATION—"ORCHARD."
    Fruit trees planted in the line of a prospective highway, with the evident purpose of raising difficulties to the laying out of the highway, are not an "orchard" within the meaning of the highway law, which' prohibits the laying out of a highway through an orchard of the growth of four years or more.
    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 141–145; Dec. Dig. § 46.*
    For other definitions, see Words and Phrases, vol. 6, p. 5016.]

3. HIGHWAYS (§ 72*)—ALTERATION—APPEAL—HARMLESS ERROR—EVIDENCE.
    Though, in a proceeding to alter a highway which had not been laid out, evidence as to the value of the land, with the highway as originally proposed and as proposed to be altered, was incompetent to determine damages, its introduction was harmless, where the witness on .cross-examination swore that, independently of the original location of the highway, a highway in the location named would not diminish the value of the property because of a right of way already existing, and the commissioners had a view of the premises.
    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 239–252; Dec. Dig. § 72.*]

4. HIGHWAYS (§ 72*)—APPEAL—HARMLESS ERROR.
    Where, in a proceeding before commissioners to lay out a highway, it was assumed in assessing damages that a right of way already existed across all the property, the court, on appeal from the order confirming the report of commissioners, will not reverse, though there was a failure to show that such a right of way existed across one of the properties in question, where there was no claim for such owner that the right of way did not in fact exist.
    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 239–252; Dec. Dig. § 72.*]

Appeal from Washington County Court.

In the matter of the application of Alice E. Fenn to alter or change a highway.   From an order of the County Court confirming the decision of Commissioners and denying a motion to vacate the decision, George Smith and others appeal.   Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Jenkins & Barker, of Glens Falls, for appellants.

Bratt & Van Wormer, of Ft. Edward, for respondent.

PER CURIAM. [1] First. Appellants object that this proceeding to alter or change a highway cannot be taken because of the fact that there was no existing highway to alter or change. Under former proceedings a highway had been ordered laid out substantially upon the line upon which the highway in question is laid out. By reason of evident error that highway passed through two houses. Before laying out the last highway, pursuant to the permission granted, this proceeding was taken to correct that evident error. The proceeding is precisely the same in all its details as a proceeding to lay out a highway originally. We see no objection to the proceeding because it is named "a proceeding to alter an existing highway."

[2] Second. Some fruit trees have been planted in the line of this highway with the evident purpose of raising difficulties to the laying out of the highway. This was so found by the commissioners, and it was found that these fruit trees did not constitute an "orchard" within the meaning of the highway law. With this conclusion we are in full accord.

[3] Third. Evidence was allowed over the appellant's objection as to the value of the land with the highway as originally laid out and as to its value with the proposed altered highway. The answer to these questions indicated that the value of the land would be enhanced by the alteration. This evidence was probably incompetent, inasmuch as the former highway had not been laid out, and the commissioners directing that it be laid out not contemplating that the highway passed through the houses in question. The admission of the evidence was harmless, however, as it apparently has not entered into the decision of the commissioners. The witness on cross-examination swore that, independently of the proposed highway before laid out, a highway in the location named, in view of the right of way already existing, would not diminish the value of the property. Moreover, the commissioners viewed the property and might rely to an extent at least upon that view in assessing the damage.

[4] Fourth. The commissioners state in their decision that they have assessed damages in view of the fact that there already existed a right of way over these premises. There appears in the case evidence of an existing right of way over all the premises except that of Cameron Beck. There is nothing in the record which would indicate an existing right of way over the premises of Cameron Beck, except the attempted amendment by the commissioners of highways in laying out the highway authorized under the first commissioner's report. In that attempted alteration the commission refers to a two-rod right of way now existing along the line of the proposed highway. The fact seems to have been assumed upon the trial before the commissioner, and appellant's attorney does not now state that no such right of way exists. If it be a matter of record, it could

be produced before this court in support of the determination below. In view, however, of the evident assumption of the existence of the fact during this whole proceeding, we are not inclined to reverse this judgment without any claim of the counsel for Cameron Beck that no such right of way in fact existed. That such a right of way was assumed to exist, however, finds corroboration in the proof of the right of way across all of the other premises affected by the highway in question, and the further evidence of an actual traveled route across the Beck property in connection with the use of the right of way upon the adjoining property.

The order should therefore be affirmed, with costs.

Order affirmed, with costs.